# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **Dealer Services Corporation** | ) |
| | ) |
| **Plaintiff.** | ) |
| | ) |
| **vs.** | ) **CASE NO. 3:07-cv-1118** |
| | ) |
| **Chipman Automotive Group d/b/a Payless** | ) **JUDGE HAYNES** |
| **Car Sales and Charles Edward Chipman, Sr.,** | ) |
| | ) |
| **Defendants.** | ) |

## DENIAL OF DEFAULT JUDGMENT

Pending is Plaintiff's Request for Default Judgment by the Clerk pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure (FRCP) (Docket Entry No. 15).  Plaintiff has filed an affidavit in support of this request (Docket Entry No. 15-1).  The Clerk cannot grant Plaintiff's request for the reasons stated below.

The Clerk's authority under FRCP 55(b)(1) does not extend to the award of the damages sought by Plaintiff as stated in the Affidavit of James F. Chiu (Docket Entry No. 15-1).  The Clerk may not award attorney fees or costs.  Attorney fees and non-taxable costs must be brought before the court, not the clerk, pursuant to FRCP 54(d)(2).  To the extent Plaintiff's damages may include taxable costs; those costs must be sought pursuant to Local Rule 54.01(a).  The affidavit submitted does not provide sufficient detail for the Clerk to determine if he may award any damages under FRCP 55(b)(1).  In order to consider Plaintiff's motion under FRCP 55(b)(1), the Clerk will need an itemized list showing each item of damages and providing information as to the reasons why the specific amounts sought should be awarded.  If there is a contractual or legal basis for an item of damages, that fact should be stated.

Accordingly, the Clerk declines to enter default judgment pursuant to FRCP 55(b)(1) against Defendants.

s/ *Keith Throckmorton*
Keith Throckmorton
Clerk of Court